IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELBY STUART LAUGHTON,<br>    #54071-177,<br>        PETITIONER,<br><br>v.<br><br>WARDEN OF FCI SEAGOVILLE,[1]<br>        RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. 3:21-CV-170-N-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Shelby Stuart Laughton's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the petition should be summarily **DISMISSED WITH PREJUDICE**.

I.   BACKGROUND

In March 2016, while criminal charges were pending against him in Johnson and Brazos Counties, Laughton was indicted in federal court for attempted enticement of a minor. *See United States v. Laughton*, No. 3:16-CR-99-N(01) (N.D. Tex. Mar. 22, 2016); Crim. Doc. 1. On April 7, 2016, pursuant to a writ of habeas corpus *ad prosequendum*, Laughton was produced from state custody to appear in this Court for an initial appearance and arraignment. Crim. Doc.

---

[1] The Court substitutes the Warden of FCI Seagoville as the Respondent in this action. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Laughton may object to this substitution within 14 days after being served with a copy of this recommendation. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

4; Crim. Doc. 6. On September 20, 2016, Laughton pled guilty to the federal indictment and, on January 9, 2017, was sentenced to 63 months' imprisonment. Crim. Doc. 23; Crim. Doc. 33. The Court ordered Laughton's federal sentence to "run consecutively to any sentence [subsequently] imposed" in his then pending state cases. Crim. Doc. 33.

Following his return to state custody, Johnson County dismissed Laughton's state charge, but Brazos County subsequently sentenced him to 90 days' and two years' imprisonment on his respective misdemeanor and felony charges pending there. Doc. 6 at 22; Doc. 7 at 17. After Laughton discharged his state sentences on December 14, 2018, the Texas Department of Criminal Justice released him to the United States Marshal Service to begin serving the federal sentence in this case. Doc. 6 at 22 (*Central Office Administrative Remedy Appeal*).

Once in federal custody, Laughton unsuccessfully sought correction of the time credited towards his federal sentence and a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) in this Court. Crim. Doc. 39. He argued that his extensive rehabilitation efforts and the need to support his young daughter and aging parents justified modifying the judgment to order his federal sentence be served concurrently with his state sentences. The Court denied relief because his claims were unexhausted and because he had presented no extraordinary and compelling reasons justifying a sentence reduction. Crim. Doc. 42.

On January 25, 2021, Laughton filed the instant habeas petition, "[s]eeking Jail Credit in the form of the Court's ruling and revision of Earned time while in the custody of Brazos County, . . . to be applied and credited as 'Concurrent' so that such time shall wholly [sic] satisfied in an amount equal to Twenty[-] (21) months, so to release early on Federal case." Doc. 3 at 5. In his pleading filed February 9, 2021, Laughton also states:

> Petitioner has time and credit while serving a term of incarceration within Brazos County, State of Texas, adopted as a "consecutive" term, but seeks the Court's consideration for a revision to apply said time as "concurrent" allowing the term of Twenty[-]One (21) months served, to reduce his current term of federally-imposed sentence, thus qualifying him for an immediate release to home in the wake of the national pandemic, his imminent release date in a matter of months to [a] halfway house, and his record as a "model inmate" with no violations or infractions of any major significance.

Doc. 6 at 1.  In his *Answers to Magistrate Judge's Questionnaire* filed March 2, 2021, Laughton explains that he seeks the Court's "adoption of an imposed sentence" so that his federal and subsequently imposed state sentences can run concurrently.  Doc. 7 at 1.

The Court liberally construes Laughton's requests for "revision" and "adoption" of its judgment in the criminal case as seeking modification of that judgment to order that his federal sentence be served concurrently with the terms of imprisonment imposed upon his Brazos County convictions.  As detailed below, however, he is not entitled to relief.

## II.    ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under § 2241 without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[2]

### A.  Amendment of Federal Sentence is Not Permitted

Laughton's renewed request to run his federal sentence concurrent to his state sentences

---

[2] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

should be denied. Doc. 6 at 1. The Court may only modify Laughton's sentence as permitted by law, which does not authorize the imposition of concurrent sentences at this juncture. *See United States v. Olivares*, 713 F. App'x 353, 353 (5th Cir. 2018) ("motion for concurrent sentences was an unauthorized motion that the district court lacked jurisdiction to consider" (citing *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (per curiam))). Because Laughton's request was not made within 14 days of sentencing, it cannot be construed as a Rule 35 request for sentence correction or reduction. *See* FED. R. CRIM. P. 35; *Early*, 27 F.3d at 141. Likewise, Laughton is not entitled to relief under 18 U.S.C. § 3582(c)(2), since the modification sought is not based on an amendment to the United States Sentencing Guidelines. *Early*, 27 F.3d at 142. As such, the Court also lacks jurisdiction to consider Laughton's request pursuant to U.S.S.G. § 5G1.3.

    Moreover, there was no error in the Court's judgment. At sentencing, the Court had the discretion to order that Laughton's federal sentence run consecutively to the anticipated state sentences. *See Setser v. United States,* 566 U.S. 231, 236-40, 244-45 (2012) (recognizing sentencing courts have the discretion to order that a federal sentence run consecutively to anticipated state sentences). Nonetheless, the Court determined after consideration of the appropriate sentencing factors that Laughton's federal sentence should be served consecutively to any subsequently imposed state sentence. "Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original) (citing 18 U.S.C.A. § 3584(a)); *see also United States v. Candia*, 454 F.3d 468, 474 (5th Cir. 2006) ("The Constitution does not afford a defendant the

right to have his state and federal sentences run concurrently.").

### B. Modification Not Supported by Extraordinary and Compelling Reasons

As stated *supra*, the Court has previously considered and rejected Laughton's request to modify his sentence under 18 U.S.C. § 3582(c)(1)(A).[3] Crim. Doc. 39; Crim. Doc. 42.  As before, Laughton offers no proof that he has exhausted his Bureau of Prisons' (BOP's) administrative remedies.  *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (finding § 3582(c)(1)(A) exhaustion requirement is mandatory).  Notwithstanding the lack of exhaustion, however, Laughton also fails to identify "extraordinary or compelling reasons [that] warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).

Laughton relies on (1) his rehabilitation efforts, (2) "the need … to support both a young daughter[] and aging and ailing parents," and (3) the danger posed by the COVID-19 pandemic, to support his request for the modification of his sentence and to permit release.  Doc. 6 at 1, 8-9.  However, the Court, after consideration of the sentencing factors under 18 U.S.C. § 3553(a), finds that such circumstances, separately or collectively, do not amount to "other" compelling or extraordinary reasons warranting modification of Laughton's federal sentence.  *United States v. Hernandez,* 645 F.3d 709, 712 (5th Cir. 2011) (per curiam) ("[T]he decision whether to ultimately grant a [sentence] modification is left to the sound discretion of the trial court."); *United States v. Shkambi*, No. 20-40543, 2021 WL 1291609, at *4 (5th Cir. Apr 7, 2021) ("The district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).").

---

[3] Although Laughton's § 18 U.S.C. § 3582(c)(1)(A) request for modification should be raised in his criminal case rather than this habeas action, for reasons of judicial economy, the Court has nevertheless addressed it.

### III. CONCLUSION

For the foregoing reasons, Laughton's habeas corpus petition should be summarily **DISMISSED WITH PREJUDICE**.

The Clerk of the court is **directed** to substitute the Warden of FCI Seagoville as the Respondent in this action

**SO RECOMMENDED** on April 20, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).